Filed 2/15/19; Opinion following transfer from Supreme Court

CERTIFIED FOR PUBLICATION

OPINION AFTER TRANSFER FROM THE CALIFORNIA SUPREME COURT

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| JORGE FIERRO et al., | D071904 |
| Plaintiffs and Appellants, | |
| v. | (Super. Ct. No. 37-2016-00030068-CU-OE-CTL) |
| LANDRY'S RESTAURANT INC., | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, John S. Meyer, Judge.  Reversed and remanded with directions.

Righetti Glugoski, Matthew Righetti and John J. Glugoski for Plaintiffs and Appellants.

Law Offices of Mary E. Lynch, Mary E. Lynch; Sheppard, Mullin, Richter & Hampton, Ryan D. McCortney, and Jason M. Guyser for Defendants and Respondents.

Plaintiff Jorge Fierro filed the underlying action against defendant Landry's Restaurants, Inc.,[1] seeking remedies for what Fierro alleges to be Landry's Restaurants's violations of specified California labor laws and wage orders. Fierro asserts claims on behalf of himself and on behalf of a class of individuals that he alleges is similarly situated. Landry's Restaurants demurred to the complaint on the basis that each of the causes of action is barred by the applicable statute of limitations.

As to Fierro's individual claims, the trial court overruled the demurrer, concluding that the statute of limitations defense did not appear affirmatively on the face of the complaint. As to the class claims, the trial court sustained the demurrer without leave to amend on the basis that a prior class action with identical class claims against Landry's Restaurants had been dismissed for failure to bring the case to trial in five years as required by Code of Civil Procedure[2] sections 583.310 and 583.360.[3] Under the "death knell" doctrine, Fierro appeals from that portion of the order sustaining without leave to amend the demurrer to the class claims.[4]

---

[1] The complaint identifies "Landry's Restaurants Inc." as the sole named defendant. The demurrer that resulted in the order on appeal was filed on behalf of defendant "Landry's, Inc., formerly known as Landry's Restaurants, Inc." ("Landry's Restaurants").

[2] Further unidentified statutory references are to the Code of Civil Procedure.

[3] An action "shall be brought to trial within five years after the action is commenced" (§ 583.310); if not, then the court "shall" dismiss the action, either on its own motion or on the motion of the opposing party, after notice to the parties (§ 583.360, subd. (a)).

[4] Generally, the right to appeal in California is governed by the "one final judgment" rule, pursuant to which an appeal may be taken only from a final judgment in

2

Previously, we filed an opinion reversing the order on the basis that the applicable statutes of limitations on the class claims had been tolled. However, the California Supreme Court granted review and transferred the matter to this court with directions to vacate the opinion and to reconsider the cause in light of the United States Supreme Court's opinion in *China Agritech, Inc. v. Resh* (2018) __ U.S. __ [138 S.Ct. 1800] (*China Agritech*)—an opinion issued following the filing of our opinion but before issuance of the remittitur. After vacating our decision, we requested and received supplemental briefing from the parties as to the potential application of *China Agritech* to the issues presented in this appeal.

*China Agritech*, *supra*, __ U.S. __ [138 S.Ct. 1800] holds that, upon denial of class certification, a putative class member may not commence a new class action asserting the same claim, if the statute of limitations on the claim has run. (*Id.* at p. __ [138 S.Ct. at p. 1804].) The Court reasoned that the " 'efficiency and economy of litigation' " which support tolling the statutes of limitations for *individual claims* during

---

the entire action. (*In re Baycol Cases I and II* (2011) 51 Cal.4th 751, 754, 756 (*Baycol*).) For example, under the one final judgment rule an order in part sustaining a demurrer without leave to amend is not appealable. (*Evans v. Dabney* (1951) 37 Cal.2d 758, 759). However, the death knell doctrine is an exception to the one final judgment rule. (*Baycol*, at p. 757.) It allows an immediate appeal of an order that entirely terminates class claims while allowing individual claims to proceed. (*Id.* at pp. 757, 759.) Because such an order "effectively [rings] the death knell for the class claims," it is essentially "a final judgment on those claims." (*Id.* at p. 757; see *Daar v. Yellow Cab Co.* (1967) 67 Cal.2d 695, 699 [order denying class certification "is tantamount to a dismissal of the action as to all members of the class other than plaintiff"].) Indeed, because a death knell order is immediately appealable, " 'a plaintiff who fails to appeal from one loses forever the right to attack it.' " (*Munoz v. Chipotle Mexican Grill, Inc.* (2015) 238 Cal.App.4th 291, 308.)

3

the pendency of the initial class action do not support tolling the statutes of limitations for the *class claims*. (*Id.* at p. __ [138 S.Ct. at p. 1806].)

As we explain, the superior court's stated basis for sustaining the demurrer and dismissing the class claims is erroneous. As we further explain, in determining whether the statutes of limitations bar Fierro's class claims, we will conclude that there is no basis on which to apply equitable (or any other form of) tolling. Although that determination will result in at least some of the class's claims being time-barred, on the present record, we cannot say that all of the class's claims are untimely. Thus, we will reverse the order sustaining Fierro's demurrer without leave to amend and remand for further proceedings in which the trial court can decide, on a more developed record, issues related to class certification and/or timeliness of class claims.

I.

FACTUAL AND PROCEDURAL BACKGROUND[5]

In this appeal following the sustaining of a demurrer, we assume the truth of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded and matters of which judicial notice has been taken. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081 (*Schifando*).)

In the present case, without identifying any specific document, the trial court took judicial notice "of the documents pertaining to the matter known as *Martinez v. Joe's Crab Shack*, L.A. Superior Court Case No. BC377269 [(*Martinez*)]." The appellant's appendix contains a request for judicial notice filed by Fierro in support of his opposition to Landry's Restaurants's demurrer. Fierro requested that the trial court judicially notice certain documents, each of which pertains to the *Martinez* action. Based on Landry's Restaurants's trial court briefing and the register of actions provided in appellant's

---

5    In summarizing the factual and procedural background, both parties failed to support numerous factual assertions with citations, or at times accurate citations, to the record on appeal as required by California Rules of Court, rule 8.204(a)(1)(C). Our independent review of the record on appeal has not helped in finding support for some basic and many extraneous facts contained in the parties' briefs. Absent a party's accurate record reference or our independent verification, we have not considered the party's factual recitation. (*Rybolt v. Riley* (2018) 20 Cal.App.5th 864, 868 [appellate courts may " 'disregard any factual contention not supported by a proper citation to the record' "]; *County of Riverside v. Workers' Compensation Appeals Board* (2017) 10 Cal.App.5th 119, 124 [appellate courts " 'ignore' " factual statements without record references].) In short, we are unable to accept counsel's argument on appeal as facts. (See *In re Zeth S.* (2003) 31 Cal.4th 396, 414, fn. 11 ["the unsworn statements of counsel are not evidence"]; *Davenport v. Blue Cross of California* (1997) 52 Cal.App.4th 435, 454 ["unsworn averments in a memorandum of law prepared by counsel do not constitute evidence"].)

appendix, however, we learned that Landry's Restaurants also filed a request for judicial notice in support of its demurrer—a document not in the record. Accordingly, we ordered the superior court file and, on our own motion, augmented the record to include Landry's Restaurants' November 16, 2016 request that the trial court judicially notice certain documents related to the *Martinez* action. (Cal. Rules of Court, rule 8.155(c), (a).)

We take judicial notice of the same *Martinez* documents that were judicially noticed by the trial court.[6] (Evid. Code, § 459, subd. (a).)

A.      *The* Martinez *Action*[7]

In September 2007, Roberto Martinez filed the *Martinez* action, seeking to represent a class of salaried managerial employees who worked at Joe's Crab Shack restaurants in California. In three causes of action, Martinez alleged claims for: overtime pay on the basis that class members had been misclassified as exempt employees; and violations of law or regulations related to meal and rest periods and to wage statements. Martinez identified the original defendant as Joe's Crab Shack, Inc., and in a March 2008 amendment substituted "Landry's Restaurants, Inc.," for Doe 2.

---

[6]      We take judicial notice of *the existence* of the documents, not the truth of the matters asserted therein. (*Lindsey v. Conteh* (2017) 9 Cal.App.5th 1296, 1302, fn. 2.)

[7]      For ease of reading, we will not use specific dates for the various events. To the extent certain dates are potentially outcome-determinative for our analysis of Landry's Restaurants's statute of limitations argument on appeal, we will include the relevant specific dates in the discussion of tolling at part II.B., *post*.

In an October 2008 first amended complaint, Martinez, individually and on behalf of a class of unnamed members, asserted six employment-related causes of action against Joe's Crab Shack, Inc.

In March 2010, the *Martinez* trial court denied without prejudice Martinez's motion for class certification on the ground that Martinez was not an adequate class representative. Martinez did not appeal that order.

On the same day, the court allowed Martinez to file a second amended complaint that named Martinez, Lisa Saldana, and Steven Kauffman as the plaintiffs and putative class representatives and named Joe's Crab Shack, Inc., as the defendant.

In a November 2010 third amended complaint, the court allowed Martinez, Saldana, and Kauffman to add Craig Eriksen and Chanel Rankin-Stephens as named plaintiffs and putative class representatives against defendant Joe's Crab Shack, Inc. By the time of the plaintiffs' motion to certify the class in June 2011, Kauffman was no longer a plaintiff, and the defendants included Crab Addison, Inc., Ignite Restaurant Group, Inc., and Landry's Restaurants, Inc.[8]

Martinez, Saldana, Eriksen, and Rankin-Stephens moved to certify a plaintiff class consisting of " '[a]ll persons employed by Defendants in California as a salaried restaurant employee in a Joe's Crab Shack restaurant at any time since September 7, 2003.' " In May 2012, the *Martinez* court denied the motion, ruling that the plaintiffs had

_____

[8]     Neither the parties, the appellant's appendix, nor the judicially noticed documents tells us what happened to named plaintiff Kauffman or named defendant Joe's Crab Shack, Inc., or how Crab Addison, Inc., Ignite Restaurant Group, Inc., or Landry's Restaurants, Inc. became defendants.

failed to establish: that their claims were typical of the class; that they could adequately represent the class; that common questions predominated the claims; and that a class action was the superior means of resolving the litigation.

The *Martinez* plaintiffs appealed, and in November 2014 the Court of Appeal reversed the order denying class certification. (*Martinez v. Joe's Crab Shack Holdings* (2014) 231 Cal.App.4th 362.) The appellate court directed that, on remand, the trial court reconsider, consistent with specified authority that classwide relief is the preferred method of resolving wage and hour claims, whether class certification in *Martinez* would provide a superior method of resolving the plaintiffs' claims. (*Id.* at p. 384.)

By judgment filed in August 2016, the *Martinez* court dismissed with prejudice all the claims in the *Martinez* action and awarded costs to the three named defendants.[9] The *Martinez* plaintiffs (Martinez, Saldana, Eriksen, and Rankin-Stephens) appealed from the judgment of dismissal in October 2016. In August 2018, the Court of Appeal affirmed the dismissal on the basis that the plaintiffs did not bring the case to trial within the statutorily prescribed time period under section 583.310 et seq. (*Martinez v. Landry's Restaurants, Inc.* (2018) 26 Cal.App.5th 783.)

---

[9]     Fierro tells us that the "*Martinez* trial court never got to the issue of whether class certification was appropriate"; i.e., "while the parties were preparing for class certification, the *Martinez* trial court dismissed the action for failure to bring the action to trial within five years after commencement pursuant to . . . § 583.310[] et seq." Landry's Restaurants tells us that "[n]o class was ever certified, and the defendants in the *Martinez* action eventually filed a motion to dismiss the case on the grounds that the action was not brought to trial within five years after commencement." The parties have not provided record references for these statements, and our independent review of the record has not confirmed these statements; thus, we do not consider them. (See fn. 5, *ante*.)

B.      *Fierro's Present Action*

Within days of the dismissal of *Martinez*, Fierro filed the present action on August 29, 2016.  Fierro asserts individual and class claims based on the underlying allegation that Landry's Restaurants "improperly and illegally mis[]classified" Fierro and the members of the class "as 'exempt' managerial/executive employees when, in fact, they were 'non-exempt' non-managerial employees according to California law."  According to Fierro, under claims alleged in five causes of action, this misclassification entitles him and the class he seeks to represent to recover unpaid wages and penalties.  Fierro defines the alleged class as:  "All California based salaried restaurant employees . . . who worked at any time from September 7, 2003 until the date of class certification at any of the restaurants in the State of California owned, operated and/or acquired by defendants."

Fierro alleges that he worked for Landry's Restaurants as a salaried restaurant employee within four years prior to the filing of the *Martinez* action.[10]  As particularly relevant to the issues presented to the trial court and briefed by the parties on appeal, Fierro affirmatively alleges in the complaint:

> "The filing of [the *Martinez* action] on September 7, 2007[,] has tolled the statute of limitations as to [Fierro] *and the class he seeks to represent*.  The class period covered by this Complaint based on the tolling of the statute by [*Martinez*] is September 7, 2003[,] to the present."  (Italics added.)

---

[10]    Landry's Restaurants tells us that Fierro "concedes within his Complaint that he did not work after September 7, 2007," citing page 6 of the appellant's appendix.  Page 6 of the appendix is page 2 of Fierro's complaint; and since it contains no such concession, we do not consider Landry's Restaurants's unsupported statement.  (See fn. 5, *ante*.)

9

Landry's Restaurants describes the present action as Fierro's attempt "to revive the same class claims from *Martinez* covering the exact same class period."

Disagreeing with Fierro's allegation regarding the tolling of the applicable statutes of limitations, Landry's Restaurants demurred to each cause of action in Fierro's complaint on the basis that each "is barred by the statute of limitations."[11] On the same statute of limitations grounds, Landry's Restaurants alternatively moved to strike the two quoted sentences in the immediately preceding paragraph and the clause "from September 7, 2003" in the definition of the class quoted two paragraphs above.

In support of its demurrer and motion to strike, Landry's Restaurants presented two arguments as to the class claims, both of which it repeats on appeal.

First, Landry's Restaurants acknowledges that the filing of a class action tolls the running of the applicable statutes of limitations as to the *individual claims* of all putative class members until class certification is denied—after which time all unnamed class members may either seek to intervene in the surviving individual case or file a new action. Our state Supreme Court has summarized this tolling principle as follows: "[U]nder limited circumstances, if class certification is denied, the statute of limitations is tolled from the time of commencement of the suit to the time of denial of certification for all purported members of the class who either make timely motions to intervene in the

_____

11    Landry's Restaurants tells us that the statutes of limitations on Fierro's claims are one, three, or four years, depending on the specific claim. Fierro does not argue otherwise. Accordingly, we accept for purposes of this appeal, without deciding, that the applicable statutes of limitations for the class claims in Fierro's complaint are between one and four years.

surviving individual action ([*American Pipe & Construction Co. v. Utah* (1974) 414 U.S. 538,] 552-553 [(*American Pipe*)]), or who timely file their individual actions (*Crown, Cork & Seal Co. v. Parker* (1983) 462 U.S. 345, 350 [(*Crown, Cork*)])." (*Jolly v. Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 1119 (*Jolly*).)  In California, this equitable doctrine is often referred to as "*American Pipe* tolling." (See, e.g., *Falk v. Children's Hospital Los Angeles* (2015) 237 Cal.App.4th 1454 (*Falk*); *Batze v. Safeway, Inc.* (2017) 10 Cal.App.5th 440, 482-483; *Perkin v. San Diego Gas & Electric Co.* (2014) 225 Cal.App.4th 492, 501-505; *Becker v. McMillin Construction Co.* (1991) 226 Cal.App.3d 1493, 1499-1500.)  Landry's Restaurants's position is that, upon a proper application of *American Pipe* tolling, only the statutes of limitations on Fierro's *individual claims* can be tolled; in particular, the statutes of limitations on Fierro's *class claims* have run, and the *class claims* are time-barred.

Second, according to Landry's Restaurants, regardless of the application of *American Pipe* tolling, the *class* claims fail for another reason.  Landry's Restaurants argues that, because the *Martinez* action—including the class claims—was dismissed for failure to bring the action to trial within five years under section 538.310 et seq., the class claims cannot be resurrected in a new action.  Landry's Restaurants contends that *American Pipe* tolling is an equitable doctrine that does not affect the express statutory language which makes a dismissal under section 538.360 "mandatory and . . . not subject to extension, excuse, or exception except as expressly provided by statute," upon the requisite showing.  (§ 538.360, subd. (b).)

11

Following an opposition by Fierro, a reply by Landry's Restaurants, and oral argument, the superior court overruled the demurrer as to Fierro's individual claims and sustained the demurrer without leave to amend as to Fierro's class claims. After applying *American Pipe* tolling, the court determined that Landry's Restaurants did not establish as a matter of law that the pertinent statutes of limitations barred any of Fierro's claims.[12] On this basis, the court overruled Landry's Restaurants's demurrer as to Fierro's *individual* claims. With regard to Fierro's *class* claims, however, the court ruled that, regardless whether *American Pipe* tolling might apply to preclude the running of the statutes of limitations, the *Martinez* court's section 583.360 dismissal for failure to prosecute was a "determination that [the] class action is now barred" and "there is no authority to revive the dismissed class claims in [this] subsequent lawsuit."[13]

Fierro timely appealed from the order overruling the demurrer as to Fierro's individual claims and sustaining the demurrer without leave to amend as to Fierro's class claims. Under the death knell doctrine, we have jurisdiction to review that portion of the order sustaining the demurrer as to the class claims. (See fn. 4, *ante*.)

---

[12] The court expressly limited its ruling on the statute of limitations defense to its order on Landry's Restaurants's demurrer; i.e., the ruling was not a final determination on the merits of the defense.

[13] The court denied as moot Landry's Restaurants's motion to strike.

12

II.

DISCUSSION

The sole issue on appeal is whether the trial court erred in sustaining without leave to amend the *class* claims in Fierro's complaint.

After assuming the truth of the allegations in the complaint, facts that can be inferred from those pleaded, and judicially noticed matters (*Schifando*, *supra*, 31 Cal.4th at p. 1081), "we examine the operative complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory" (*T.H. v. Novartis Pharmaceuticals Corp.* (2017) 4 Cal.5th 145, 162). On appeal, we review the trial court's ruling, not the reasons stated for the ruling. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 980-981 (*Rappleyea*) [even where trial court's legal reasoning is erroneous, the ruling will be affirmed if it can be supported by any legal theory]; *Davey v. Southern Pacific Co.* (1897) 116 Cal. 325, 329-330 [same].) The rationale for this consideration is that there can be no prejudice from an error in logic or reasoning if the decision itself is correct. (*Mike Davidov Co. v. Issod* (2000) 78 Cal.App.4th 597, 610.)

As we explain, the trial court erred in applying the section 583.360 dismissal of the *Martinez* action as a bar to Fierro's class claims. However, as we further explain, nothing in the *Martinez* action (or otherwise) tolled the statutes of limitations on Fierro's class claims. Thus, the only class claims that will be timely are those that accrued within the applicable limitation periods preceding *the August 2016 filing of Fierro's complaint*. Since the limited facts we may consider on appeal do not disclose whether some or all of the claims in any one cause of action may be time-barred, the trial court erred in

13

sustaining without leave to amend the demurrer as to each cause of action; and we will reverse the trial court's order on this basis.

A. *The Dismissal of the* Martinez *Action Is Not a Basis on Which to Have Dismissed the Class Claims in the Present Action*

The trial court ruled that, because the *Martinez* court dismissed the same class claims as Fierro alleges in the present action pursuant to section 583.360 (for failure to have brought the action to trial within five years, in violation of § 583.310 et seq.), the class claims in the present action are barred. As proffered by Landry's Restaurants and accepted by the trial court, the reasoning behind such a ruling is that the equitable principles associated with the application of *American Pipe* tolling cannot revive claims that were dismissed under a statute that does not allow for exceptions unless "expressly provided *by statute*." (§ 583.360, subd. (b), italics added ["The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute."].)

Neither the facts nor the law supports the trial court's ruling.

Factually, the record does not suggest—let alone establish by properly pleaded factual allegations or matters of which judicial notice has been taken—that the *Martinez* action was dismissed under section 583.360. In the trial court and on appeal, both Landry's Restaurants and Fierro state that the failure to prosecute was the basis of the dismissal in *Martinez*. However, in support of this statement on appeal, both Landry's Restaurants and Fierro cite exclusively to the judgment in the *Martinez* action which provides only that the claims were "dismissed with prejudice"; there is no mention of the

14

basis of the dismissal.[14]  Thus, because the record does not contain substantial evidence to support a finding that the *Martinez* action was dismissed under section 583.360 for failure to prosecute, the trial court erred in sustaining the demurrer on this basis.

That said, Fierro, Landry's Restaurants, and the trial court all have proceeded, both in the trial court and now on appeal, with the understanding that the *Martinez* action was dismissed under section 583.360 for failure to have brought the action to trial within the statutorily required period.  In addition, in August 2018—which was after a year and a half after the trial court sustained Landry's Restaurants's demurrer and months after our original (now vacated) opinion in this appeal—the Court of Appeal affirmed the dismissal of the judgment in the *Martinez* action under section 583.310 et seq.  (*Martinez v. Landry's Restaurants, Inc.*, *supra*, 26 Cal.App.5th 783.)  Thus, we will proceed with the understanding that the *Martinez* action was dismissed for failure to prosecute. Nonetheless, the trial court still erred as a matter of law in sustaining Landry's Restaurants's demurrer on this basis.

A "judgment dismissing the prior action for want of prosecution is not one upon the merits [citations] and it does not bar a subsequent action upon the same cause." (*Lord v. Garland* (1946) 27 Cal.2d 840, 850 (*Lord*).)  That is because "under California law, a

_____

14    In full, the judgment in the *Martinez* action provides:  "IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the claims in this action of Plaintiffs Roberto Martinez, Lisa Saldana, Craig Eriksen and Chanel Rankin-Stephens, and each of them, are dismissed with prejudice, and that Plaintiffs shall take nothing by their complaint.  [¶]  Defendants Crab Addison, Inc. (erroneously identified as 'Joe's Crab Shack'), Ignite Restaurant Group, Inc. (formerly known as 'Joe's Crab Shack Holdings, Inc.'), and Landry's Restaurants, Inc. are awarded costs against Plaintiffs costs of $_____." (*Sic.*)

15

dismissal for failure to prosecute is not a final judgment on the merits." (*Hardy v. America's Best Home Loans* (2014) 232 Cal.App.4th 795, 803 (*Hardy*).[15]) More to the point, a judgment of dismissal based on the failure to prosecute is not a final judgment *for purposes of res judicata or collateral estoppel.* (*Hardy*, at p. 803; accord, fn. 15, *ante*.) Here, because we are proceeding under the assumption that the dismissal of the *Martinez* action was based on a failure to prosecute, the judgment in the *Martinez* action is not a bar to Fierro's class claims.

Accordingly, the trial court erred in ruling that, based on the judgment of dismissal in the *Martinez* action, section 583.310 et seq. bar the class claims in the present action.[16]

---

[15]    In support of this ruling, *Hardy* cited *Lord*, *supra*, 27 Cal.2d at p. 850 and "*Gonsalves v. Bank of America* (1940) 16 Cal.2d 169, 172-173 ['it is a fundamental rule that a judgment is not *res judicata* unless it is on the merits, and a dismissal for delay in prosecution is not']; *Franklin Capital Corp. v. Wilson* (2007) 148 Cal.App.4th 187, 215, fn. 33 ['The very definition of res judicata contemplates a judgment on the merits, and dismissals for lack of prosecution under [§ 583.310] are not on the merits.']; *Ashworth v. Memorial Hospital* (1988) 206 Cal.App.3d 1046, 1053 [same]; *Mattern v. Carberry* (1960) 186 Cal.App.2d 570, 572 [same].)" (*Hardy*, *supra*, 232 Cal.App.4th at p. 803.)

[16]    In an argument related to whether the judgment in the *Martinez* action barred Fierro's class claims, Fierro suggests that if the judgment had such a preclusive effect, he would be denied due process on the basis that he has "the right . . . to bring a class action under California law." However, the authority Fierro cites does not support his suggestion. He argues that "group litigation and the class action procedure implicate the protections afforded by the due process clauses of the 5th and 14th Amendments to the U.S. Constitution," citing rule 23 of the Federal Rules of Civil Procedure (28 U.S.C.) and federal authorities that discuss the due process rights of *unnamed class members* to be adequately represented and to receive notice and an opportunity to opt out of a certified class. Neither the cited authorities nor our independent research has disclosed a due process right to bring a class action under California law, and we express no opinion on such a right under federal law.

16

B.      American Pipe *Tolling Does Not Apply to Class Claims*

Because we review the ruling of the trial court, not the reasons therefor (*Rappleyea*, *supra*, 8 Cal.4th at pp. 980-981), we next consider Landry's Restaurants's argument on appeal that, upon proper application of *American Pipe* tolling, the pertinent statutes of limitations bar Fierro's class claims.

In the complaint, Fierro alleges that the filing of the *Martinez* action on September 7, 2007, "has tolled the statute of limitations as to [Fierro] and the class he seeks to represent.  The class period covered by this Complaint based on the tolling of the statute by [the *Martinez* action] is September 7, 2003[,] to the present."  Without tolling, according to Landry's Restaurants, the applicable statute of limitations bars each of the class claims Fierro alleges in his complaint.

Before we determine whether application of the *American Pipe* tolling doctrine saves the class claims, we summarize the relevant events and the specific dates on which they occurred, as follows:

- September 7, 2007—Martinez files the *Martinez* action;

- March 12, 2010—the *Martinez* trial court denies without prejudice Martinez's motion to certify the putative class on the basis that he is not an adequate class representative;

17

- March 12, 2010—Martinez files a second amended complaint adding two new putative class representatives, Saldana and Kauffman;[17]

- November 23, 2010—Martinez, Saldana, and Kauffman file a third amended complaint adding two named putative class representatives, Eriksen and Rankel-Stephens;[18]

- May 23, 2012—the *Martinez* court denies the plaintiffs' motion to certify the class;

- July 13, 2012—the named plaintiffs in *Martinez* appeal from the order denying their motion to certify the class;

- November 10, 2014—the Court of Appeal reverses the order denying class certification and directs the *Martinez* court to reconsider whether to certify the class under a different standard;

- August 24, 2016—the *Martinez* court enters a judgment dismissing the action with prejudice;

- August 29, 2016—Fierro files the present action; and

- August 1, 2018—the Court of Appeal affirms the dismissal of judgment in the *Martinez* action.

---

[17] Since the first and second amended complaints contain the same causes of action, a reasonable inference is that Martinez added the two additional plaintiffs in an effort to proffer adequate class representatives.

[18] Since the second and third amended complaints contain the same causes of action, a reasonable inference is that Martinez, Saldana, and Kauffman added the two plaintiffs in an effort to proffer adequate class representatives.

We have assumed that the applicable statutes of limitations for the claims in Fierro's complaint are between one and four years.  (See fn. 11, *ante*.)

Landry's Restaurants's argument on appeal is straightforward:  At no time have the statutes of limitations *on Fierro's class claims* been tolled, and Fierro filed the present action on August 29, 2016.

Landry's Restaurants acknowledges that, "under limited circumstances, if class certification is denied, the statute of limitations is tolled from the time of commencement of the suit to the time of denial of certification for all purported members of the class who either make timely motions to intervene in the surviving *individual action* [citing *American Pipe*, *supra*, 414 U.S. at pp. 552-553], or who timely file their *individual actions* [citing *Crown, Cork*, *supra*, 462 U.S. at p. 350]."  (*Jolly*, *supra*, 44 Cal.3d at p. 1119, italics added.)  Thus, under California law, the tolling described in *Jolly* (based on *American Pipe* and *Crown, Cork*) applies only to *individual claims*.  (*Ibid*.)

As we explain, we agree with Landry's Restaurants that *American Pipe* tolling does not apply to any later *class* claims that may be asserted by the purported class member who files a new action; if the purported class member files a new class action after the expiration of the applicable statute of limitations on the class's claim, then the claim is barred.  In reaching this conclusion, we disagree with the contrary conclusion reached in *Falk*, which applied *American Pipe* tolling to *class* claims in successive actions.  (*Falk*, *supra*, 237 Cal.App.4th at p. 1470.)

We approach our analysis with certain directives from our state Supreme Court. Initially, in the absence of controlling state authority, we look to the federal courts'

19

application of class action law "to ensure fairness in the resolution of class action suits." (*Jolly*, *supra*, 44 Cal.3d at p. 1118.)  However, where the federal courts' application of class action law is based on federal procedures that are entirely different from or inconsistent with California procedures that ensure fairness, we are under no obligation to apply the federal authorities.  (*Id.* at p. 1119.)

At the time *Falk* was decided, the federal Courts of Appeals were divided over whether *American Pipe* tolling saved otherwise untimely successive class claims. (*China Agritech*, *supra*, __ U.S. at p. __ [138 S.Ct. at pp. 1805-1806 [cases collected].) As relevant to the present appeal, the Third Circuit and Ninth Circuits had applied *American Pipe* tolling to save such claims in certain circumstances.  (*Yang v. Odom* (3d Cir. 2004) 392 F.3d 97, 112 (*Yang*), abrogated in part by *China Agritech*, *supra*, __ U.S. at p. __ [138 S.Ct. at p. 1804]; *Catholic Social Services, Inc. v. I.N.S.* (9th Cir. 2000) 232 F.3d 1139, 1149 (en banc) (*Catholic Social Services*), abrogated in part by *China Agritech*, *supra*, __ U.S. at p. __ [138 S.Ct. at p. 1804].)  The relevance, as we discuss *post*, is that the Court of Appeal in *Falk*, *supra*, 237 Cal.App.4th at p. 1470, expressly relied on *Yang* and *Catholic Social Services* to "allow[] 'piggybacking' of class actions" to save otherwise time-barred successive class claims in situations like the present appeal.  (Cf. *Yang*, at p. 112; *Catholic Social Services*, at p. 1149.)  Thus, at the time we issued our original opinion in this appeal, there was state case authority (*Falk*), based on longstanding federal case authority (*Yang* and *Catholic Social Services*, cited in

*Falk*[19]), that allowed the application of *American Pipe* tolling to save Fierro's time-barred class claims.  Now, we are able to approach the issue with the benefit of a unified ruling as to the federal courts' application of class action law with regard to the application of *American Pipe* tolling to successive *class* actions—a ruling that calls into question *Falk*, the applicable state authority on which we previously relied.

Under federal law, during the pendency of a putative class action, *American Pipe* tolls the applicable statutes of limitations only for unnamed class members' *individual* claims.  (*China Agritech*, *supra*, __ U.S. at p. __ [138 S.Ct. at p. 1804].)  According to our federal Supreme Court, "if the class fails"—without any distinction on the basis or cause of the failure—*class* claims asserted in a later (or "follow-on") federal class action are timely only if the later class action is filed within the applicable limitation period. (*Ibid.*)  Guided and informed by *China Agritech*, the issue is whether the result should be the same under California law, where certain class procedures are different.[20] Accordingly, we consider *China Agritech*, *supra*, __ U.S. __ [138 S.Ct. 1800].

---

[19]    In addition, at the time, the Sixth Circuit also applied *American Pipe* tolling to successive class actions.  (*Phipps v. Wal-Mart Stores, Inc.* (6th Cir. 2015) 792 F.3d 637, 652-653, abrogated by *China Agritech*, *supra*, __ U.S. at p. __ [138 S.Ct. at p. 1804].)

[20]    While nonexhaustive, some of the procedural differences between federal and state court include:
- In federal court, the denial of class certification is an interlocutory order, not reviewable as of right until a final judgment (*Microsoft Corp. v. Baker* (2017) __ U.S. __, __ [137 S.Ct. 1702, 1706]) or discretionary interlocutory appeal (Fed. Rules Civ. Proc., rule 23(f), U.S.C.); whereas, in California, the death knell doctrine allows an immediate appeal of the trial court's denial of class certification (or dismissal of class claims) (*Baycol*, *supra*, 51 Cal.4th at p. 757; see fn. 4, *ante*).

In February 2011, at the start of the limitation period, plaintiff Dean filed a securities class action against China Agritech and others. (*China Agritech*, *supra*, __ U.S. at p. __ [138 S.Ct. at p. 1804].) After the federal district court denied class certification on the basis that the named plaintiffs in the amended complaint could not prove reliance on a classwide basis, the named plaintiffs settled their individual claims, and the court dismissed Dean's action in September 2012. (*Id.* at p. __ [138 S.Ct. at p. 1805].) In October 2012, prior to the expiration of the applicable statute of limitations, another plaintiff, Smyth, filed a second securities class action against the same defendants, alleging similar securities claims. (*Id.* at p. __ [138 S.Ct. at p. 1805].) Again, the district court denied class certification, this time on the basis that the named plaintiffs in the amended complaint lacked the required typicality and adequacy; and again, the named plaintiffs settled their individual claims and dismissed their complaint. (*Id.* at p. __ [138 S.Ct. at p. 1805].)

*After the expiration of the applicable statute of limitations,* in June 2014 plaintiff Resh filed a third securities class action against China Agritech and others. (*China Agritech*, *supra*, __ U.S. at p. __ [138 S.Ct. at p. 1805].) The district court dismissed the action as untimely, ruling that the first two actions (by Dean and Smyth) did not toll the time to initiate *class* claims. (*Ibid.*) On appeal, the federal Court of

---

- For purposes of res judicata (claim preclusion) or collateral estoppel (issue preclusion), in federal court, an order denying class certification is final unless reversed on appeal or modified or set aside by the issuing court (see *Martin v. Martin* (1970) 2 Cal.3d 752, 761); whereas, in California, while an appeal is pending (or the time to appeal has not yet expired), an order denying class certification is not final (see *Pellissier v. Title Guarantee & Trust Co.* (1929) 208 Cal. 172, 184).

Appeals reversed, concluding that *American Pipe* tolling applied to successive *class* actions. (*Ibid*.) The Supreme Court granted certiorari. (*Ibid*.)

In its opinion, the Court ruled that "*American Pipe* does not permit the maintenance of a follow-on class action past expiration of the statute of limitations." (*China Agritech*, *supra*, __ U.S. at p. __ [138 S.Ct. at p. 1804].) In reaching this result, the Court first ruled that, under *American Pipe*, only the applicable statutes of limitations for the unnamed class members to assert their *individual claims* are tolled in the event of a denial of class certification. (*Id.* at p. __ [138 S.Ct. at p. 1804].) In holding that "*American Pipe* does not permit a plaintiff who waits out the statute of limitations to piggyback on an earlier, timely filed class action," the Court explained that, under federal law: "The 'efficiency and economy of litigation' that support tolling of individual claims, *American Pipe*, 414 U.S., at 553, do not support maintenance of untimely successive class actions; any additional *class* filings should be made early on, soon after the commencement of the first action seeking class certification." (*Id*. at p. __ [138 S.Ct. at p. 1806].)

We are persuaded that the efficiency favoring early assertion of competing class representative claims in the federal system (*China Agritech*, *supra*, __ U.S. at p. __ [138 S.Ct. at p. 1807]) is equally applicable to class claims being litigated in California state courts. Because this federal authority is not considerably different from or inconsistent with California procedures, its application will not result in unfairness under California law and will contribute to a more efficient and economical class action procedure.

23

California trial court judges—who are charged with "acting in a fiduciary capacity as guardian of the rights of absentee class members" (*Luckey v. Superior Court* (2014) 228 Cal.App.4th 81, 103)—are empowered with significant and wide-ranging options for managing class actions.[21]  Thus, if class treatment is appropriate, all potential class representatives will be able to come forward prior to the expiration of the applicable statute(s) of limitations, and the superior court can select the best class representative(s) and counsel, as well as the most efficient and economical way of resolving the class claims.  Likewise, if the class mechanism is not a viable option, a denial of class certification will be made early, and the rights of all parties and putative class members will be determined at the outset of the case.

Moreover, allowing the tolling of statutes of limitations of class claims (as encouraged by Fierro) will result in theoretically endless tolling so long as a new named plaintiff is available to promptly file a new class action complaint each time class certification is denied.  Nothing under California law suggests such an exception to the

---

[21]    These available procedures include, but are not limited to:  sections 382 (class actions), 403 (motion to transfer for coordination), 404-404.9 (coordination), and 1048 (consolidation); and California Rules of Court, rules 3.300 (related cases), 3.350 (consolidated cases), 3.400-3.403 (complex cases), 3.500 (coordination of noncomplex actions), 3.501-3.550 (coordination of complex actions), 3.750-3.751 (complex cases), and 3.760-3.771 (class actions).  Trial courts' application of these tools can ensure that efficiency and economy prevail in the event of the filing of multiple class actions prior to the expiration of an applicable statute of limitations; e.g., successive class actions can be stayed, consolidated, or coordinated as necessary.  (Cf. *China Agritech*, *supra*, __ U.S. at p. __ [138 S.Ct. at p. 1811] ["district courts have ample tools at their disposal to manage the suits, including the ability to stay, consolidate, or transfer proceedings"].)  Even the different procedures between state and federal court identified at footnote 20, *ante*, do not suggest, let alone compel, any less efficiency or economy if, as we conclude here, statutes of limitations for class claims are not tolled in California under *American Pipe*.

application of a statute of limitations for a class claim.[22]  Stated differently, there is no basis under California law for potentially unlimited tolling of statutes of limitations applicable to class action claims.[23]

Statutes of limitations, which are the result of legislation, " ' "represent a public policy about the privilege to litigate." ' "  (*Grell v. Laci Le Beau Corp.* (1999) 73 Cal.App.4th 1300, 1304.)  They " 'promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared,' " thereby "protecting settled expectations[,] giving stability to transactions[,] promoting the value of diligence[,] encouraging the prompt enforcement of substantive law[,] avoiding the retrospective application of contemporary standards[,] and reducing the volume of litigation."  (*Marin*

---

[22]  California already has in place a procedure to protect class claims where the trial court denies certification on the basis that the named plaintiffs are not adequate class representatives.  Under such circumstances, statutes of limitations need not be tolled and a new action need not be filed, because if new named plaintiffs are available, the court "should at least afford plaintiffs the opportunity to amend their complaint . . . to add new individual plaintiffs . . . in order to establish a suitable representative."  (*La Sala v. American Sav. & Loan Assn.* (1971) 5 Cal.3d 864, 872.)  This amendment procedure " 'prevents a prospective defendant from avoiding a class action by "picking off" prospective class action plaintiffs one by one, settling each individual claim in an attempt to disqualify the named plaintiff as a class representative.' "  (*Payton v. CSI Electrical Contractors, Inc.* (2018) 27 Cal.App.5th 832, 848.)

[23]  We recognize that wage and hour claims are "eminently suited for class treatment" (*Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004, 1033) and that "classwide relief remains the preferred method of resolving wage and hour claims" (*Martinez v. Joe's Crab Shack Holdings*, *supra*, 231 Cal.App.4th at p. 384).  However, we reject any suggestion that, just because the class action is an efficient and economical procedure for managing wage and hour cases, the class action procedure also revives otherwise untimely wage and hour claims.

*Healthcare Dist. v. Sutter Health* (2002) 103 Cal.App.4th 861, 872; accord, *Jolly*, *supra*, 44 Cal.3d at p. 1112 [statutes of limitations "give defendants reasonable repose, that is, to protect parties from defending stale claims" and "require plaintiffs to diligently pursue their claims"].) Equitable tolling of class claims under *American Pipe*, which would allow an unlimited extension of the expiration of a statute of limitations, does not serve California's stated purposes of legislating limitation periods. To the contrary, application of *American Pipe* tolling to class claims would be inconsistent with the above-described policies associated with the application of statutes of limitations.

We acknowledge that, by disallowing *American Pipe* tolling to class claims, there may be an increase in class action filings with its related impact on court workload. A putative class member in one action who wants to preserve the ability to present the pending claims on behalf of a class must now file a new class action prior to the expiration of the applicable statutes of limitations, even if there has been no final determination in the initial action whether the class claims will proceed. However, given trial judges' ingenuity and creativity and the tools available (e.g., fn. 21, *ante*), we are confident that trial courts will continue to be " 'flexib[le]' " and " 'procedurally innovative' . . . in managing class actions" as directed by our Supreme Court. (*Sav-On Drug Stores, Inc. v. Superior Court* (2004) 34 Cal.4th 319, 339, citation omitted; accord, *Duran v. U.S. Bank Nat. Assn.* (2014) 59 Cal.4th 1, 33.) In addition, although the potential increase in class action filings may affect the workload of our trial courts, we believe that proper management of multiple class actions at an early stage—i.e., before the expiration of the limitation periods for the class claims—will not materially affect the *overall* efficiency

26

and economy in litigating class actions. At a minimum, the parties, counsel, and the court will know exactly what is involved and how the class claims will be managed *before* the running of the statutes of limitations on the claims. The alternative, as encouraged by Fierro, will result in the parties, counsel, and the court facing a potentially unlimited number of new class actions each time certification is denied in a pending class action—during all of which time the limitation periods on the class claims remain tolled.

Fierro relies on *Falk*, *supra*, 237 Cal.App.4th 1454, in which the Court of Appeal held that, in certain circumstances (which include those in the present case), *American Pipe* tolling applies to successive class actions, thereby saving otherwise time-barred class claims. However, as we explain, given *China Agritech*'s abrogation of Third and Ninth Circuit authority that formed the basis of *Falk*'s application of *American Pipe* tolling to successive class actions, *Falk* is no longer persuasive.

In *Falk*, on behalf of a putative class, the named plaintiff asserted employment-related claims based on alleged violations of the laws associated with overtime, meal periods, and rest breaks. (*Falk*, *supra*, 237 Cal.App.4th at p. 1457.) There had been a prior class action in which similar class claims had been asserted, and in that action the court had granted a defense motion for summary judgment on the merits of the named plaintiff's claims prior to any class certification proceedings. (*Id.* at pp. 1458, 1461.) In *Falk*, the trial court agreed with the defendant's argument that equitable (i.e., *American Pipe*) tolling did not apply to the class claims, expressly rejecting the plaintiff's suggestion that *American Pipe*, *supra*, 414 U.S. 538, permitted the " 'piggybacking' of successive class actions." (*Falk*, at pp. 1461-1462.)

27

The Court of Appeal reversed. Disagreeing with the trial court's reasoning, the appellate court concluded that where, in the initial class action, class certification was neither denied on reasons that would be inapplicable to a subsequent action (e.g., inadequate class representative) nor addressed at all (e.g., the present case), "*American Pipe* tolling should apply." (*Falk*, *supra*, 237 Cal.App.4th at p. 1465.) *Falk* relied on similar rulings of the Third Circuit in *Yang*, *supra*, 392 F.3d 97, and the Ninth Circuit in *Catholic Social Services*, *supra*, 232 F.3d 1139 to support its conclusion that, "if class certification is denied in the earlier action based solely on . . . deficiencies in the putative class representative—and not on . . . deficiencies in the class itself—then *tolling applies*" to "allow[] 'piggybacking' of class actions." (*Falk*, at p. 1470, italics added.)

Notably, in reaching its conclusions in *China Agritech*, *supra*, __ U.S. __ [138 S.Ct. 1800], the Supreme Court disapproved of *Yang* and its application of *American Pipe* tolling to allow sequential class actions past the limitation period(s) of the class claim(s). (*China Agritech*, at p. __, fn. 5 [138 S.Ct. at p. 1809, fn. 5]; *Weitzner v. Sanofi Pasteur Inc.* (3d Cir. 2018) 909 F.3d 604, 610 ["we [the court that issued *Yang*] recognize the abrogation of *Yang v. Odom* on this point"].) In reversing *Resh v. China Agritech, Inc.* (9th Cir. 2017) 857 F.3d 994,[24] the *China Agritech* opinion also necessarily

_____

24    In his initial briefing on appeal (which was prior to the Supreme Court's opinion in *China Agritech*, *supra*, __ U.S. __ [138 S.Ct. 1800]), Fierro relied heavily on the Ninth Circuit's opinion in *Resh v. China Agritech, Inc.*, *supra*, 857 F.3d 994, revd. *sub nom. China Agritech*, *supra*, __ U.S. __ [138 S.Ct. 1800].

disapproved of *Catholic Social Services*, *supra*, 232 F.3d 1139, the Ninth Circuit's en banc opinion that formed the basis of *Resh*, at pages 1001-1002.[25]

In sum, *Falk* relied principally on *Yang* and *Catholic Social Services* to allow tolling of the statutes of limitations on the otherwise untimely class claims; however, Yang *and* Catholic Social Services *are no longer good law*. Accordingly, Fierro's reliance on *Falk* is misplaced, and we decline to follow *Falk*.

C.    *Conclusion*

There is no controlling California state authority with regard to whether *American Pipe* tolling applies to successive *class* (as contrasted with *individual*) claims. Despite certain differences in state and federal class action procedures, we conclude that applying the rule of law established *China Agritech*, *supra*, __ U.S. at page __ [138 S.Ct. at p. 1804] in California will ensure the requisite "fairness in the resolution of class action suits" in California as required by our high court in *Jolly*, *supra*, 44 Cal.3d at page 1118.

In the event a plaintiff class is not certified, the pendency of the putative class's claim does not toll the applicable statute of limitations to the same class claim alleged in a later action. Thus, upon denial of class certification in an action, a putative class member may not commence the same class claim in a new action beyond the time allowed by the limitation period applicable to the class claim. As in federal court, in

---

25    In fact, in deciding *Yang*, the Third Circuit also had relied on the Ninth Circuit's opinion in *Catholic Social Services*, *supra*, 232 F.3d 1139. (*Yang*, *supra*, 392 F.3d at p. 107 ["*Catholic Social Services* can be read as authority for our holding that class claims should be tolled where the district court denies class certification based on deficiencies of a class representative"], abrogated in part by *China Agritech*, *supra*, __ U.S. at p. __, fn. 5 [138 S.Ct. at p. 1809, fn. 5].)

California, "*American Pipe*[, *supra*, 414 U.S. 538] does not permit the maintenance of a follow-on class action past expiration of the statute of limitations." (*China Agritech*, *supra*, __ U.S. at p. __ [138 S.Ct. at p. 1804].)

The application of this rule to the putative class that Fierro alleges in his complaint likely will result in some of the absent class members' claims being time-barred.[26] Based on this likelihood, Landry's Restaurants contends that it is entitled to an affirmance of the trial court's order sustaining its demurrer as to the class claims. However, we cannot determine from the face of the complaint and judicially noticed matters—which is what we are limited to considering in this appeal from an order sustaining a demurrer— that any one of the putative class's claims is untimely.[27]

Accordingly, even though we hold that *American Pipe* tolling does not apply to Fierro's class claims, this holding does not provide a basis on which to affirm the trial court's ruling that sustained without leave to amend Landry's Restaurants's demurrer to the class claims in Fierro's complaint. In due course, on a more developed record, the court can decide issues related to class certification and/or statutes of limitations with the guidance that *American Pipe* tolling does not apply to the class claims.

---

[26]    For example, as currently alleged by Fierro, the putative class could include an employee whose claim of a Labor Code violation occurred and accrued more than 13 years before Fierro filed his complaint.

[27]    For example, as currently alleged by Fierro, the putative class could include an employee whose claims of a Labor Code violation occurred and accrued a day before Fierro filed his complaint.

30

## III. DISPOSITION

That portion of the trial court's order sustaining Landry's Restaurants's demurrer without leave to amend as to Fierro's class claims is reversed, and on remand the court is instructed to enter an order overruling that portion of Landry's Restaurants's demurrer directed to the class claims. The parties shall bear their respective costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)


IRION, J.

WE CONCUR:



HUFFMAN, Acting P. J.



HALLER, J.

31